Our final case this morning will be in Re Suitco Surface. Mr. Somerfield. Good morning, Your Honor, and may it please the court. This appeal involves a claim term that's already been construed by this court in an infringement context and was construed in a different fashion by the Board of Patent Appeals on reexamination. And the question is whether that's the proper result. The suitor patent, which is the patented issue here, it's directed generally to a floor finishing material, has been before this court twice already in the parallel infringement suit between Middleton and 3M. Let me ask you, I'm having a little trouble being absolutely clear on what the difference is, what the daylight is between the board's position of the board here and your position. Does it come down to how, in other words, how do they, in your view, go beyond what was decided before and what you think how the claim ought to be construed? Is it that they're saying that top surface in the claim is not necessarily synonymous with top layer? Is that what this comes down to, that you can have a top surface of the claim, but that doesn't necessarily preclude other layers on top of that? Actually, their definition is broader than that, Your Honor. The board simply said that in order for this to be a floor finishing material, it just has to be structurally suitable to sit on top of a floor. And then it went on to say that it can be an intermediate layer among a whole bunch of layers that sit on top of the floor. In other words, so they're saying top surface means something other than top layer, right? They're saying that something else can go above it. Actually, they don't even address that, Your Honor. The problem is when this court defined material and finishing in Middleton 1, it talked about, first of all, that the material has to be, among other things, a clear plastic layer, and in order to finish the floor, it has to be the top or final coating consistent with the dictionary definition. What the board then did was essentially ignore that and say— So you're saying they're entitled to have the broadest reasonable construction, but you're saying their construction is not reasonable? I'm saying a couple of things, Your Honor. First of all, in a case like this, they should be bound by what this court did, that this should be an exception to the rule that somehow the board uses a different standard because this court has said that in issues of claim construction— No, no, no. You don't want to say that this should be an exception to the rule and the board standard should be changed. You want to say yes to Judge Rader's question. He's saying you're not asking us to change a standard and create a really unusual situation here. You're just saying that the broadest reasonable construction in this case is— Not reasonable. —one that Federal Circuit— We're actually arguing both, and the alternative is the short answer to your question, Your Honor. Okay. Well, you didn't start there, so I got really nervous. I apologize. The alternative argument we are making is, in fact, that their definition was unduly broad, that when this court defined material for finishing in the first instance, it said that finish implies a broad definition. So this court was, in effect, using the broadest reasonable definition of that term, and it looked at what the patent taught, and what the patent taught was a clear plastic material that sits on top of the floor. Is it your view that, having given our opinion in Middleton, you, the patentee, would be precluded from bringing suit against another infringer if, indeed, he didn't satisfy that top surface being equivalent to a top layer? Yes, Your Honor. We would not be able to contravene or argue an alternative definition in a subsequent suit against another infringer. Just out of curiosity and re-exam, given the position of the office, why didn't you just make that even clearer? To the extent that they were arguing material for finish doesn't imply top layer, why didn't you just say top layer in the claim, just to make this whole thing go away? It seems it would have been a lot cheaper for your client. Well, the problem was that when we were dealing with the examiner's final rejection— And you could still do that, couldn't you? I'm sorry? You could still do what Judge Moore said. If we went back down— You could narrow your claim and— As a practical matter, Your Honor, we really can't. First of all, the patent's expired. Secondly, there would be intervening rights that would basically preclude us from going forward with the infringement suit in Iowa. Got you there. However, the point that I think needs to be made is that with regard to your question and procedurally why this happened, originally when the examiner issued his final rejection, what he said was that material for finishing wasn't even a limitation, so you never got to the question of what it meant. It was only when the Board came out with its decision and said, No, no, we agree with the patentee it's a limitation. However, this is what it means. And that's the first time we saw this altered construction, so we didn't have a chance to brief it before the Board because we didn't know that was what the Board was going to do. Let me explore with you a little bit the strength of what you consider to be the Federal Circuit's claim construction. We're talking about durability and we cite to a dictionary definition. We're in a different context. We're not really talking about layers or finishing. We're talking about durability and there's some language from a dictionary that you now say is the turning point on which we should decide the case. In this case, which is in a different context, are you troubled at all by the fact that the Federal Circuit was really dealing with something very different than the finishing limitation? No, Your Honor, because in essence whenever we have claim construction disputes there are generally a couple things that this Court decides. What's not included and what is. And what this Court looked at with the case of durability was something that wasn't included or implicated in the definition of material for finishing. It had to go on then and say, having said this isn't part of it, here's what is. And that's when it defined what material meant in the context of the specification and what finish meant. So, no, we are not troubled at all by the fact that this is somehow a different contextual setting for determining the case. Well, what would you say to me if I am? Because it does seem to me there's a pretty different context here that the Federal Circuit was addressing and I'm not sure it would hold itself to its earlier claim construction. You know, we've done that on a couple occasions. We've changed a claim construction we had earlier thought to be important. And in this instance we might see the wisdom of that because we were dealing with a different problem at the earlier time. What I would say in the first instance, Your Honor, is just what I said, that it's not troubling because the Court had to address what was covered by material for finishing, not just what wasn't covered. And our contention is that's what the Court was doing, irrespective of whether the context was 3M's argument that there was some... Why did they have to resolve that issue? The issue before them was durability. Would how they construed durability be different, depending on whether we were talking about a top surface or a final layer? No, Your Honor. They didn't have to... I'm sorry if I misspoke. Durability is not a claim limitation. What 3M argued below and what the District Court found was that durability was an element of the definition of material for finishing. Right, and that was the issue before the Court. That was what the parties were disputing. They weren't taking positions about what other terms mean, right? They were just disputing whether or not durability was... With respect, Your Honor, I think that this Court, because there was an ongoing infringement litigation, was charged with defining the term and not simply figuring out whether some subset... Which term? Material for finishing, and not simply determining whether some subset of durable material was part of that limitation or not. Because there had to be instruction in the District Court when the case went back down on remand as to what this limitation meant. And that's what the Court was doing, defining it. Not simply saying is this embodiment in or out, but saying here is what the term means, District Court, so when the case is back down there, this is how you will figure out whether there's infringement. Yeah, but when they say... What you're relying on is where they say in sum the use of the words finish or finishing are consistent with the ordinary meaning. That's what you're relying on. And applying what's the opinion. If that sentence had not been in the opinion, would the result or anything else... I mean, was that sentence necessary for the opinion to decide the issue before it, which was durability? Your Honor, with respect, again, the issue before the Court was what does material for finishing mean? Not simply whether a particular embodiment is in or out of that definition. And what was the dispute with respect to what material for finishing means? Wasn't the only dispute before the Court in terms of that definition whether or not durability is included and not included? Your Honor, we would submit no. We submit that the only way that claim construction exercises are useful at this level is to determine what the term means, irrespective of what the particular dispute between the parties may be. Because otherwise, you keep coming up... The same issues, we keep coming up on appeals, saying, well, how about this embodiment? And then the Court has to go through the exercise all over again for each particular embodiment that may or may not be within the definition of a claim term. Our submission is that the only effective way of doing this is by saying, here's what the term means. You can use that definition to figure out what's in and what's out, and you don't have to keep coming back to say, well, is it durable material in or out? Is it porous material in or out? It's already been defined, and that exercise is taken care of in one appeal rather than multiple appeals, which would be the result if this Court has to look back at the context of every single claim construction it issues. However, as we discussed earlier, the alternative argument we're making is that even if the broadest reasonable construction is the appropriate norm for construing the claim term in this case, here what the Board did was to say the material can be anything, opaque, translucent, transparent, and it can be anywhere among an infinite number of layers sitting on top of a floor. That clearly goes well beyond what the patent teaches. And this Court has paid particular attention, obviously, in the past to... And why? Because the patent restricts it to top surface? Because it talks about a material for finishing the top of a floor. And you're saying that therefore it's limited to the final layer, to the top layer. As this Court previously found. Absolutely, Your Honor. It is the final coating on the surface. Is it the word finishing or top surface or all of it taken together? What this Court said was finishing, Your Honor. It construed material separately from finish, and when it construed finish, it said that was a broad definition consistent with the ordinary meaning which required that it be the final coating. But I guess I'm confused why your argument wouldn't be that the words top surface, material for finishing the top surface, are put to rest. She's trying to help you. From this Court's earlier definition? No, from the claim. The claim says material for finishing the top surface. Why doesn't that put to rest that it has to be on the top surface? Because according to the Board, it would argue that there could be lots of things on the top of the floor and still finish the top surface, whether it's one or ten or twenty layers. Our argument is... In other words, so the top surface wouldn't preclude there being other layers. We say it would, Your Honor. How could there be surfaces on top of the top surface? Your Honor? How could there be surfaces on top of the top surface? Well, the question is whether there could be layers on top of the top surface. Layers are different than surfaces? I think, in fairness to the Board, that's what they're arguing. They're saying that there can be multiple layers finishing the top surface of the floor. We argue that that can't be the case in the context of the... I think the last four or five questions have been for Mr. Piccolo, so I would suggest that we ask them to him. Thank you, Your Honor. Thank you, Mr. Summerfield. Mr. Piccolo, I think you can see where this argument's going. You want to pick up and... Yes, Your Honor. Tell us why you think you have a reasonable interpretation? Yes, Your Honor. Respectfully inviting the Court's attention to page ten of the record, that's where the Board was faced with the new issue and arguments presented by Suko about limiting what could go on the plastic layer. Are you talking about page ten of the Board's opinion? Nine of the Board's opinion, A-10 in the Joint Appendix. Yes. And what Suko presented to the Board there, that's in the first two paragraphs of their claim construction, was what we've just heard about, that you have a plastic layer and nothing on top of it. You cannot have anything on top of it. The Board said, well, we're in reexamination and we are now obligated to apply the broadest reasonable interpretation. Reasonable interpretation. Let's talk about whether it can be reasonable if it's got to be a finishing surface. I'm not stating it as well as my colleagues, but a reasonable interpretation is somehow something that has to finish and be the top surface. How can that apply to either Amos or Barrett? Barrett's a construction protection that you throw away, so it's not finishing, and Amos is a clean room mat with multiple layers, none of which is the top surface or interchangeably top surface. How do any of them fit within a reasonable interpretation of the claim? It's finishing the top surface of the floor. That's what's going on here. And the Board expressly noted on page 10 of its opinion that what's being placed onto, and that's the only positional requirement that the Board said was in the claim, was that you have the top surface of the floor, maybe there's another surface to the floor, who knows, but you have the top surface of the floor, then you have an adhesive layer, then you have a plastic layer. And as to the Board's reasonableness, it noted three things, one of which I just discussed, that it said the only positional requirement is respective to the floor, the top of hardened surface. Then earlier the Board said because the top or the layer is plastic and not a liquid. What about finishing? Well, the Board said... It's got to be a finishing. Amos isn't finishing anything. It's disinfecting and perhaps providing some protection. But where's the finishing aspect? They have the plastic layer, the adhesive layer, and the floor layer. And the finishing is going on with... The plastic layer just has to be a layer. It is not the only... The claim does not say that you can't... It's a straightforward question. How does this throwaway thing actually finish the floor? It's such a horrible position. Your Honor, Barrett has, and Ensuco admits, that the protective surface stays... And all this claim requires is... It doesn't say forever. It doesn't say that you're going to... Because durability... Things don't stay forever. Finishing has some type of time limitation on it. It doesn't go forever. So Barrett has the three requirements of this claim. A plastic layer, an adhesive layer, and a floor. And that's the substantial evidence that meets this broad claim. I'm really getting confused here. Is it the Board's position that even though the claim at issue recites an improved material for finishing the top surface of the floor, there can be numerous surfaces above the top surface, numerous layers above the top surface? Are we talking about a difference between a layer and a surface? Yes, Your Honor. As disclosed in the prior... So can you give us an example of, you know, in what Appellant is talking about here, a top surface, how you would put a layer on top of a top surface? Two coats of paint on a car, you would have a first layer, and then you would have a finishing layer. The Board said the claim uses the term of art comprising, therefore it's open-ended... Wait, two coats of paint would therefore be on top of the finished top surface of the floor? Yes, Your Honor. You can have another protective layer, which would be an additional coat... So what does finishing mean? Well, the Board construed that if you have the plastic layer on an adhesive layer, on the floor, because the word comprising is being used, that if you have that, you have something finished. If you have those three elements... It's finished, and then you add two coats of paint. Yes. Even if it's finished. And in Amos, you have an extra adhesive layer, but as this Court's case law is very clear, an anticipatory reference just needs to disclose the elements of the claim, and here the Board... How any of your proposed references finish those floors? I'm looking at the patent here. It talks about a wear-resistant finish. Well, of course, you're talking about something that is going to be there a long time and be a... But it doesn't have to be there a long time, Your Honor. Finishing does not mean forever. In this Court's opinion, in Middleton 1, it said durability was not a requirement in the claim, and as Judge Rader pointed out... Clear to expose the natural beauty of the underlying surface, that sure cuts Amos out pretty quick, doesn't it? No, Your Honor, because the Board construed because of the word comprising, and the only positional requirement in the claim is that you have to have a plastic layer positional requirement on top of an adhesive layer on top of the floor, that if you have those three elements, and that's all that is required by the claim, more is permitted in one anticipatory reference, and the Board here used two in the alternative, Amos or Barrett, and they both have a thin plastic layer on an adhesive layer on the floor, and comprising as a term of art allows the claim to be open-ended. Was there a quick fix? I mean, leaving aside the problems he would have because the patent expired or whatever. Is there something you can show us in the language what would have satisfied the Board in terms of its... Consisting of that phrase of art... What about... Would you say would the Board have been satisfied if it said finishing the top layer of the floor? Would that have been sufficient to use the word layer as opposed to surface? And no... How about this, Your Honor? Can you answer mine? Yes, and no... Well, I'm sorry. Can you repeat it? If he changed the word top surface of the floor to top layer of the floor, would that be sufficient? Well, no, Your Honor, because the surface of the floor, again, and as I tried to point out before, is the surface with the floor. It is not the plastic sheet on top of the floor. So it would have to be on top of the layers on top of the floor and nothing else above it. But to reference not top of floor but top of the layer... What about finishing the top surface of the floor with nothing above it? Would that satisfy the Board? That would have been different as the Board was alluding to that there would be preclusive language there because comprising means that I set forth, as this Court has held in Genentech and vehicular technologies, that when you have those limitations, an easy way to look at this, maybe, is as to an accused device. If an accused device has a plastic layer on an adhesive layer on a floor, that device would infringe this broad claim. It's interesting to look at the patent. Its figures show a bowling alley. This seems to be a surface for resurfacing bowling alleys. And they have those method claims, Your Honor. They've been confirmed as patentable. Those claims are much narrower. My point is, I once again stretch to try and find some broad and reasonable construction that would make this invention somehow read on your Barrett and your Amos. References. In our red brief, Your Honor. Clean rooms and construction protection devices just don't seem at all relevant. Well, those references disclose many more things than this broad claim, as is common for anticipatory references. They will disclose items 1 through 10, and if items 1 through 3 are in the claim, the reference, as this Court has held  nevertheless, anticipates the genus. Exactly. And, Your Honor, if I may, in our red brief, there are six opposite methods. But I'm not sure that you've shown me how your species fits within a finishing genus. It's an apparatus claim, and if the cover, as Figure 1 of Barrett shows that the cover, an applicant admits, stays on the tiles, page 33 of the record shows Figure 1, the cover is 16 with adhesive layer 14. And it stays on the tiles for a long period of time. Applicant admits in, on page 26, I believe it is, of his brief to this Court, that the Barrett protective coverings stay there for, they remain in place until a building opens for business. For example, if someone were doing that, as an accused device, it would infringe this claim because it's there for a period of time. It's a plastic, a thin plastic layer, which is the structure of this claim. Would that be a material for finishing? If it was adhesively connected to the floor, as Barrett and Amos's devices are, it would  claim. A thin plastic layer, it's not a process claim. It's not a process claim. But putting the Barrett reference in the context of the bowling alley while you're doing construction, but then you tear it off. And this is doing exactly the opposite. It's saying to avoid anywhere that's going to occur during use of the bowling alley, you put it on as a finish. When construction's over, you tear off Barrett and you put this on. And they have claims to that effect, your honor. Sukho has on page 29 of the record many method more narrower claims about that type of rolling out and device. They have patent coverage on those narrow claims. It's this broad solely representative claim, claim four, that's out there that the board  to perform a reasonable construction in light of applicants' arguments that nothing, absolutely nothing, can go on top of the plastic floor and nothing can be put above it. And you would suggest that the board would still be doing a reasonable interpretation if they said Barrett was anticipatory? Because of the word comprising is what I think you answered her with. Well, it would still be trouble for Barrett and Amos, less trouble but trouble for Suko because of Barrett and Amos because anticipatory law is clear that if you have the elements in the prior art so Amos having layers on top of the first plastic layer would be again like items four and five in the prior art nevertheless items one to three are still disclosed. But if one of the items in the claim is absolutely crystal clear that it has to be on the top surface how can something which is in the middle in the anticipatory reference just because of the word comprising in the claim be deemed to anticipate? Well, you would have a different claim. You would have something that would expressly negate anything going on top of the plastic layer which the board said that there's nothing in this claim to expressly foreclose putting other layers on top of the plastic layer and therefore an accused device with multiple layers would not meet the claim and then the board did the analysis the other way that an anticipatory reference with this broad claim that just says comprising and does not expressly foreclose which applicant could have during prosecution put right in the claim and nothing else and then Barrett would likely still be a problem because Barrett has a thin plastic layer on an adhesive layer on a floor for a good period of time it's taken off later in a process but again an anticipatory reference anticipates as long as it meets what's in the claim it discloses more regularly but as long as it discloses those elements of the claim  would be clear if the claim said comprising rather than consisting of would limit the claim to just these limitations I'm curious how many claims were consisting of because I've never heard of a chemical claim consisting of ever I can't recall any specifically but you have represent to me that you have seen people use consisting of in mechanical inventions but it's still a term of art that could be used that would fit with this applicant's assertion and argument to deviate from comprising that comprising is a term of art that leaves the claim open ended as the board said that that sets forth what's in the     in the patent office and what's in the patent office is saying if we had a concrete floor and on top of that there was a clear plastic sheet on top of that there was parquet and on top of that there was shag carpeting the clear plastic layer would be a finishing material as claimed in the suitor patent because it sits somewhere above the floor even  if  was a clear plastic material it simply says it has to be something that could sit somewhere above the floor so your view was a paint over would not be covered by the claim a paint over if there was a layer of paint no because that would not be material as this court has defined it material is supposed to be a clear plastic layer and Mr. Piccolo also quotes what Barrett teaches but only says one aspect of this and as the court points out it is a protective coating during construction. The other things Barrett talks about is joining the tiles into a unitary panel making it easier to transport and package the utilized panel adhering better to fully sanded and sanded surface. Very clearly then Barrett is not intended to finish the floor. We know Amos is not intended to finish the floor. That's not its purpose and because it has an unitary  it           you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank              Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.